UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| KEVIN SWAN, )<br>      Plaintiff, )<br>)<br>vs. )<br>)<br>ALCOA POWER GENERATING, INC., )<br>      Defendant. ) | 4:10-cv-00025-RLY-WGH |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS**

Defendant, Alcoa Power Generating, Inc. ("Alcoa"), moves to dismiss Plaintiff Kevin Swan's ("Plaintiff") First Amended Complaint ("Complaint") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). As an employee of Bodine Services of Evansville, LLC, Plaintiff was assigned to clean the upper vestibule of a boiler at Alcoa on October 27, 2009. (Complaint ¶ 5). While cleaning, Plaintiff exposed what had been concealed hot fly ash, which began to flow toward the boiler's only exit hatch. (*Id.* at ¶ 6). During his escape through the exit hatch, Plaintiff was severely burned by the hot fly ash. (*Id.* at ¶ 7). A failed refractory seal in the boiler was allegedly a substantial factor in causing Plaintiff's injuries. (*Id.* at ¶ 19). Alcoa was aware that the refractory seal was in need of repair approximately eighteen months before this incident, but claims it lacked the relatively minimal amount of time or money needed for the repair. (*Id.*) In the Complaint, Plaintiff asserts claims of (1) strict liability, (2) breach of warranty, (3) negligence, and (4) failure to warn, and seeks relief in

1

the form of punitive damages.

Alcoa's Motion is based primarily on its assumption that Plaintiff's Complaint asserts claims under the Indiana Products Liability Act ("IPLA"). Under the IPLA, Alcoa asserts that Plaintiff's claims are time-barred, and Alcoa is not a seller, manufacturer, user or consumer of the boiler. Alcoa also moves for dismissal of Plaintiff's claim for punitive damages. While Plaintiff is silent with regard to his strict liability and breach of warranty claims, he insists his negligence and failure to warn claims are actually based on premises liability, not product liability. Plaintiff also argues his punitive damages claims are plausible given the facts alleged in the Complaint. As an initial matter, the court will not consider the exhibits submitted by Plaintiff in support of his Response, because they fall outside the pleadings. *See* FED. R. CIV. P. 12(d) (on a Rule 12(b)(6) motion, the court may exclude matters that fall outside the pleadings).

Due to his failure to respond to Alcoa's assertion that the strict liability and breach of warranty claims are products liability claims that must be dismissed, the court determines that Plaintiff waives those claims. Thus, Plaintiff's strict liability and breach of warranty claims are dismissed. Because Alcoa did not raise the issue of premises liability in its initial Motion, and because Plaintiff insists that his remaining claims are based on premises liability, Plaintiff's negligence and failure to warn claims remain. Although Plaintiff references design defects, which is a products liability claim, in the negligence and failure to warn counts, the remainder of those counts could be construed as plausible premises liability claims. (*See* Complaint ¶¶ 12-16).

Finally, based on the allegations in his Complaint, Plaintiff states a plausible claim for punitive damages. (*See* Complaint ¶¶ 5-9, 12-19). The facts, which the court must accept as alleged in the Complaint, plausibly suggest that Alcoa acted with "malice, fraud, gross negligence, or oppressiveness which was not the result of a mistake of fact or law, mere negligence, or other human failing." *Wohlwend v. Edwards*, 796 N.E.2d 781, 784 (Ind. Ct. App. 2003). Accordingly, Plaintiff's claim for punitive damages is supported by factual allegations; therefore, this claim will not be dismissed. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) (holding that legal conclusions must be supported by factual allegations of which the court must assume their veracity and determine whether they plausibly give rise to an entitlement to relief).

Based on the foregoing reasons, Defendants Motion to Dismiss (Docket # 45) is **GRANTED in PART** as to Plaintiff's strict liability and breach of warranty claims, and **DENIED in PART** as to Plaintiff's negligence, failure to warn, and punitive damages claims.

**SO ORDERED** this 14th day of March 2011.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic copies to:

Michael A. Augustus
MICHAEL A. AUGUSTUS, PSC
mike@boluslaw.com

Theodore J. Blanford
HUME SMITH GEDDES GREEN & SIMMONS
tblanford@humesmith.com

James Michael Bolus Jr.
JAMES M. BOLUS, JR. P.S.C.
bo@boluslaw.com

Ronald P. Hillerich
ron@hillerichlaw.com

Wendy C. McGraw
HUNTON & WILLIAMS, LLP
wmcgraw@hunton.com

Christopher A. Pearcy
HUME, SMITH, GEDDES, GREEN & SIMMONS, LLP
cpearcy@humesmith.com

Kase L. Stiefvater
KIGHTLINGER & GRAY
kstiefvater@k-glaw.com

John R. Vissing
JOHN R. VISSING, LLC
jack_vissing@vissinglaw.com

Brent R. Weil
KIGHTLINGER & GRAY
bweil@k-glaw.com